JS-6

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**CASE NO.:** EDCV 15-00726 SJO (SPx)   **DATE:** April 23, 2015

**TITLE:** Lan Pham-Flenniken v. Cindy Martinez et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR RIVERSIDE COUNTY; GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 8]

This matter is before the Court on its own motion. On February 11, 2015, Plaintiff Lan Pham-Flenniken ("Plaintiff") initiated an unlawful detainer action in the Superior Court of California for Riverside County against Defendants Cindy Martinez ("Martinez") and Does 1-10 (collectively, "Defendants"). (*See* Notice of Removal ("Notice") ¶ 1, ECF No. 1; Mot. to Remand Case to Riverside Superior Court ("Motion"), ECF No. 8, Ex. 1 ("Compl."), ECF No. 8-1.) In the Complaint, Plaintiff alleges that she purchased the property located at 4445 Owens Street, Unit 103, Corona, California 92883 (the "Property") at a Sheriff's auction on January 8, 2015. (Compl. ¶ 4.) Plaintiff maintains that although (1) she has served Defendants with two separate Three Day Notices to Quit,[1] (2) there exists no agreement between Plaintiff and Defendants for Defendants to occupy the Property, and (3) she has requested that Martinez vacate the Property, Defendants remain in unlawful possession of the Property. (Compl. ¶¶ 6-8, 11-12.) On April 14, 2015, Martinez removed the action to this Court. (*See generally* Notice.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citation omitted). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal

---

[1] Plaintiff maintains that Defendants were served with the first Three Day Notice to Quit on February 2, 2015, via substituted service on Defendant's 19-year-old daughter. (Compl. ¶ 11, Ex. 2.) Plaintiff also alleges that the second Three Day Notice to Quit was served on Martinez on February 9, 2015. (Compl. ¶ 8, Ex. 1.)

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |
|---|---|---|---|

**CASE NO.:** EDCV 15-00726 SJO (SPx)          **DATE:** April 23, 2015

is proper." *Id.* (citations and internal quotation marks omitted). Under the removal statute, an action is removable to federal court if it might have been brought there originally. *See* 28 U.S.C. § 1441(a).

In the Notice, Martinez argues that the Court has federal question jurisdiction because Plaintiff "filed the lawsuit in violation of federal anti-discrimination [sic] including but not limited to the Section 1983 of the federal Civil Rights Act of 1964." (Notice ¶ 5.) Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 690 (2006) (citation and internal quotation marks omitted). A defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state law claim. *See, e.g., Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987). Because the well-pleaded complaint rule makes Plaintiff the "master of the claim," she may avoid federal jurisdiction by pleading exclusively state law claims. *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, Plaintiff's Complaint asserts only one state law cause of action for unlawful detainer. (*See generally* Compl.) Nonetheless, Martinez seeks to argue that because Plaintiff's lawsuit allegedly violates federal anti-discrimination statutes, the Court has federal question jurisdiction. (Notice ¶ 5.) A federal defense does not convert a state-law claim into a federal one. *See Williams*, 482 U.S. at 392. Further, it is Plaintiff's Complaint, not Defendant's Notice of Removal, that must contain claims that "depend[] on resolution of a substantial question of federal law" for federal question jurisdiction to arise. *Empire Healthchoice,* 547 U.S. at 690. The Complaint contains no such question. (*See generally* Compl.)

For aforementioned reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action to the Superior Court of California for Riverside County. This action shall close.

IT IS SO ORDERED.